KRAFT *v.* KRAFT.

1. DIVORCE—EXTREME CRUELTY.

Unfounded charges by a wife against her husband and against his daughter, to the effect they were guilty of immoral conduct with third persons, sustains a decree for divorce on the ground of extreme cruelty.

2. SAME—ALIMONY.

Four hundred and forty-six dollars as permanent alimony, with an award of solicitors' fees and costs in favor of a wife, who is at fault, should not be increased when the complainant is worth only $3,000, and would be ruined by a substantial increase.

Appeal from Kent; Connine, J., presiding. Submitted January 19, 1910. (Docket No. 95.) Decided April 1, 1910.

Bill by George B. Kraft against Elizabeth Kraft for a divorce. From a decree for complainant, defendant appeals. Affirmed.

*William E. Grove*, for complainant.

*Thompson & Temple*, for defendant.

MONTGOMERY, C. J. The bill in this case was filed for divorce on the ground of extreme cruelty. Complainant was awarded a decree by the circuit judge, and defendant appeals to this court, and strenuously insists that there is a total want of proof justifying a divorce.

We are not able to agree with this contention of counsel for defendant. There is, as we find, abundant testimony which supports the charge of cruelty, that the defendant charged the complainant with illicit relations with other women, and that she made similar unfounded charges against the complainant's grown daughter. The

circuit judge had exceptional opportunities for judging of the credibility of these witnesses, and we may add that we see nothing in the record which to our mind impeaches the testimony of the witnesses who make out the complainant's case. We think, therefore, there was no error committed in granting the divorce.

Defendant's next contention is that the allowance of alimony was grossly inadequate. These people were both of mature years when the marriage occurred; the complainant having a grown daughter and son. The defendant was the owner of a double house and lot worth something like $2,200. The evidence satisfies us that the total net worth of the complainant did not exceed $3,000. Of this sum the defendant was awarded $446 permanent alimony besides the allowance for her support during the pendency of the suit and her solicitors' fees. We think that this allowance of alimony ought not to be disturbed. The case is one in which the fault for the separation was with the defendant. She is now left in better circumstances than is the complainant. It would almost be certain ruin to increase in any substantial sum this allowance of alimony.

The decree is affirmed, without costs to either party.

OSTRANDER, MOORE, BLAIR, and STONE, JJ., concurred.